UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                    |   |                              |
|--------------------|---|------------------------------|
| LUIS MEDINA,       | ) |                              |
|                    | ) |                              |
| Petitioner,        | ) |                              |
|                    | ) |                              |
| v.                 | ) | Civil Action No. 11-10615-NMG |
|                    | ) |                              |
| GARY RODEN,        | ) |                              |
|                    | ) |                              |
| Respondent.        | ) |                              |

REPORT AND RECOMMENDATION ON
RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST

December 6, 2011

SOROKIN, M.J.

Pending is the Respondent's Motion to Dismiss. Docket # 10. I RECOMMEND that the Motion be DENIED, in light of Medina's voluntary withdrawal of unexhausted claims, for the following reasons.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Medina was convicted in the Superior Court for the Commonwealth of Massachusetts in Hampden County on two counts of trafficking in cocaine (over 200 grams and over 28 grams), and two counts of committing those offenses within a school zone. He appealed his convictions to the Massachusetts Appeals Court, which affirmed the judgments. Medina then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in which he raised three grounds: (1) that the Appeals Court erred in affirming his convictions where he was denied his Sixth Amendment

right to confront and cross-examine all of the evidence against him; (2) that the Appeals Court erred in affirming the motion judge's refusal to hear his motion to suppress; and (3) that the Appeals Court erred in affirming his convictions where the trial judge erroneously refused to give a DiGiambattista instruction.

The Massachusetts Supreme Judicial Court ("SJC") denied the application without prejudice and remanded the case to the Appeals Court to consider in light of the SJC's cases on harmless error for a violation of Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009). Upon reconsideration, the Appeals Court affirmed the convictions. Medina filed a second ALOFAR, which the SJC denied on December 2, 2010. The second ALOFAR made a single claim, that the Appeals Court erred in concluding that the denial of Medina's Sixth Amendment confrontation rights was harmless beyond a reasonable doubt.

The petition for writ of habeas corpus followed.

II. DISCUSSION

Respondent argues that, because the petition contains both exhausted and unexhausted claims, the petition must be dismissed unless Medina deletes the unexhausted claims. Medina argues that the claims are fully exhausted and, in the alternative, seeks to voluntarily dismiss any claims that this Court finds he has failed to exhaust.[1]

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). To achieve

---

[1] Claim 12D of the petition alleges that Medina's statements to the police were coerced in violation of his due process rights. Medina concedes that this claim is unexhausted and voluntarily dismisses the claim.

2

exhaustion, "a habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). The petitioner's ALOFAR is the "decisive pleading" and the federal claim must be presented to the state's highest court within the four corners of the ALOFAR. Mele v. Fitchburg Dist. Court, 850 F.2d 817, 823 (1st Cir. 1988). The First Circuit has identified at least five ways in which a habeas petitioner may satisfy the "fair presentation requirement," including "reliance on a specific provision of the Constitution, substantive and conspicuous presentation of a federal constitutional claim, on-point citation to federal constitutional precedents, identification of a particular right specifically guaranteed by the Constitution, and assertion of a state-law claim that is functionally identical to a federal constitutional claim." Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011). "The appropriate focus . . . centers on the likelihood that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours." Id. (quoting Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989)).

If a petition contains unexhausted claims, the court must either dismiss the petition or permit the petitioner to dismiss his unexhausted claims. Clements v. Maloney, 485 F.3d 158, 168-69 (1st Cir. 2007).

    A. Ground 12B

Medina moved to suppress evidence found during a search of an apartment. Pursuant to Massachusetts Rule of Criminal Procedure 13(a)(2), a suppression motion must state the grounds on which it is based "with particularity" and must be accompanied by "an affidavit detailing all facts relied upon in support of the motion and signed by a person with personal knowledge of the factual basis of the motion." In his affidavit accompanying the motion to suppress, Medina stated that "I

3

was not the lessee of that apartment but the[] [police] insisted I sign a Consent to Search form even though I did not have the authority to allow this search." After hearing from both sides, the motion judge concluded that a suppression hearing was not required because Medina did not assert a privacy interest in the apartment and thus had not established automatic standing. In Ground 12B of his petition, Medina asserts that he was denied his right to suppress evidence seized from an apartment he was staying at in violation of the Fourth and Fourteenth Amendments.[2]

In Commonwealth v. Amendola, 550 N.E.2d 121 (Mass. 1990), the SJC announced the adoption of the automatic standing rule under Article 14 of the Massachusetts Declaration of Rights. Id. at 125. In so doing, the SJC rejected the Supreme Court's abandonment of the automatic standing rule in United States v. Salvucci, 448 U.S. 83 (1980). Amendola, 550 N.E.2d at 126. The Massachusetts automatic standing rule provides that "[w]hen a defendant is charged with a crime in which possession of the seized evidence at the time of the contested search is an essential element of guilt, the defendant shall be deemed to have standing to contest the legality of the search and seizure of that evidence." Commonwealth v. Amendola, 550 N.E.2d 121, 126 (Mass. 1990). "When a defendant has standing under [the automatic standing] rule for State constitutional purposes, [the court] then determine[s] whether a search in the constitutional sense has taken place." Commonwealth v. Montanez, 571 N.E.2d 1372, 1380 (Mass. 1991). Thus, in Massachusetts the question of standing remains separate from the question of reasonable expectation of privacy, a fact

---

[2] In Ground 12B, Medina also asserts that he was denied his right to suppress evidence seized from his vehicle in violation of the Fourth and Fourteenth Amendments. In the factual statement supporting this claim, Medina provides no facts concerning the search of the vehicle, instead focusing solely on the search of the apartment. Nor did Medina address the search of his vehicle in the ALOFAR. Therefore, insofar as Claim 12B addresses the search of Medina's vehicle, it is clearly unexhausted.

4

that Medina recognizes in his ALOFAR, whereas under the Fourth Amendment the inquiry is the same. See Commonwealth v. Mubdi, 923 N.E.2d 1004, 1011 (Mass. 2010).

In his ALOFAR, Medina argues that, contrary to the motion judge's findings, he is entitled to the Massachusetts automatic standing rule. Medina also argues that the motion judge's strict requirements as to Massachusetts Rule of Criminal Procedure 13(a)(2) was an abuse of discretion and acted to deprive Medina of a fair hearing on a motion raising a constitutional claim. Both of these issues present questions of state law that are not functionally identical to any federal constitutional claim. Additionally, nowhere in his discussion of this issue in the ALOFAR does Medina point to federal precedent or rely on a specific provision of the constitution. Thus, nothing in the ALOFAR sufficed to alert the SJC to the claim's federal quality and, therefore, the claim is not exhausted. Coningford, 640 F.3d at 482.

Even had Medina fairly and recognizable presented the legal bases of his federal claim to the SJC, his claim would be barred. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 498 (1976). "'[A] full and fair opportunity' to litigate means that the state has made available to defendants a set of procedures suitably crafted to test for possible Fourth Amendment violations." Sanna v. Dipaolo, 265 F.3d 1, 9 (1st Cir. 2001). As long as the petitioner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, the petitioner will be precluded from addressing the claim in federal court. Id. Here, Massachusetts has provided such a set of procedures pursuant to Massachusetts Rule of Criminal Procedure 13. The fact that Medina's affidavit was found insufficient to warrant a hearing

on the motion to suppress does not mean that he was not afforded an opportunity to test for possible Fourth Amendment violations. Mubdi, 923 N.E.2d at 1009-10; Commonwealth v. Zavala, 756 N.E.2d 29, 33 (Mass. App. Ct. 2001) (no abuse of discretion where judge refused to hold hearing on defendant's suppression motion where defendant failed to meet his initial burden of complying with Massachusetts Rule of Criminal Procedure 13(a)(2)).

      B. Ground 12C

In Ground 12C, Medina asserts that the trial court's refusal to give his requested jury instruction pursuant to Commonwealth v. Digiambattista, 813 N.E.2d 516 (Mass. 2004), denied Medina his due process rights under the Fourteenth Amendment. In his ALOFAR, Medina did not allege that the refusal to give the requested jury instruction was a constitutional violation; he argued only that it violated the DiGiambattista state law rule.

In Commonwealth v. DiGiambattista, the SJC announced a new rule requiring that "when the prosecution introduces evidence of a defendant's confession or statement that is the product of custodial interrogation or an interrogation conducted at a place of detention (e.g., a police station) and there is not at least an audiotape recording of the complete interrogation" a cautionary instruction be given, upon the defendant's request, advising the jury "that the State's highest court has expressed a preference that such interrogations be recorded whenever practicable, and caution the jury that, because of the absence of any recording of the interrogation in the case before them, they should weigh evidence of the defendant's alleged statement with great caution and care." Id. at 533-34. The SJC based its ruling on its supervisory power, not a constitutional requirement. Id. at 529-32. Additionally there is no federal counterpart to this rule. United States v. Meadows, 571 F.3d 131, 147 (1st Cir. 2009). Hence, nothing in the ALOFAR sufficed to alert the SJC to the claim's federal

quality and, therefore, the claim is not exhausted. Coningford, 640 F.3d at 482.

III. CONCLUSION

The petition sets forth four claims. Respondent concedes that Claim 12A is exhausted. Medina voluntarily withdraws Claim 12D, recognizing that a failure to exhaust this claim. With respect to the remaining claims, I RECOMMEND that the Court find that Claims 12B and 12C are not exhausted. Medina states that if this Court finds that any of his claims are unexhausted he will dismiss those claims. Therefore, I RECOMMEND that the Court deem Claims 12B and 12C withdrawn and DENY Respondent's Motion to Dismiss as a result.[3]

                                               SO ORDERED.

                                       /s / Leo T. Sorokin
                                   UNITED STATES MAGISTRATE JUDGE

---

[3] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See FED. R. CIV. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).