United States District Court
District of Massachusetts

```
_____
                              )
LUIS MEDINA,                  )
                              )
        Petitioner,           )
                              )   Civil No.
        v.                    )   11-10615-NMG
                              )
GARY RODEN,                   )
        Respondent.           )
                              )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On August 1, 2012, this Court dismissed the habeas petition of Luis Medina ("Medina"). Medina has since moved for a Certificate of Appealability which the Court now addresses.

I. **Background**

On October 5, 2009, a jury in the Massachusetts Superior Court for Hampden County found Medina guilty of two counts of trafficking in cocaine and two counts of committing these offenses within a school zone. Medina appealed his convictions to the Appeals Court, which affirmed them on June 25, 2009. Medina then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") which was denied with prejudice by the Massachusetts Supreme Judicial Court ("SJC") and remanded to the Appeals Court to consider in light of the SJC's cases on

harmless error for violations of Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009). On reconsideration, the Appeals Court affirmed the convictions. The SJC denied Medina's second ALOFAR on December 2, 2010.

In his habeas petition, Medina challenged his conviction on four grounds: 1) admitting into evidence drug certificates without the testimony of the chemist who tested the drugs in violation of Melendez-Diaz, 2) declining to suppress evidence seized by police from an apartment where he was staying, 3) refusing to give a Digiambattista instruction and 4) admitting into evidence statements that he made to the police under coercion. In response to the respondent's motion to dismiss Medina agreed to withdraw any claims the Court deemed unexhausted. As a result, the petition before this Court was limited to the Melendez-Diaz claim only. This Court denied relief on that ground and dismissed his petition.

## II. Legal Analysis

### A. Standard

Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a Certificate of Appealability must demonstrate that

>     reasonable jurists could debate whether (or, for that
>     matter, agree that) the petition should have been
>     resolved in a different manner or that the issues
>     presented were adequate to deserve encouragement to
>     proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The debatable-among jurists-of-reason standard is a low barrier. A claim is considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith." Id. When a habeas petition contains more than one potential ground for relief, a court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

### B. Application

Medina contends that he was denied his confrontation right when drug certificates were admitted into evidence without the testimony of the chemist who tested the drugs. This Court concluded otherwise, reasoning that there was sufficient additional evidence of the quantity of cocaine he possessed such that there was no substantial and injurious effect on the jury's verdict in this case. The Court acknowledges, however, that reasonable jurists could disagree with its determination and, therefore, petitioner's motion for a Certificate of Appealability will be allowed.

**ORDER**

In accordance with the foregoing, petitioner's motion for a Certificate of Appealability is **ALLOWED**.

**So ordered.**

*/s/ Nathaniel M. Gorton*
Nathaniel M. Gorton
United States District Judge

Dated October 5, 2012